UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-02124 BRO (SKx)** | Date | May 3, 2017 |
| Title | **VICTOR GARCIA V. RITE AID CORPORATION ET AL.** | | |

| Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS)

## ORDER RE PLAINTIFF'S MOTION TO REMAND AND PLAINTIFF'S MOTION TO DISMISS [9]

## I. INTRODUCTION

Pending before the Court is Plaintiff Victor Garcia's Motion to Remand and Motion to Dismiss his breach of express and implied contract claims. (*See* Dkt. No. 9 (hereinafter, "Mot.").) After considering the papers filed in support of and in opposition to the instant motions, the Court deems this matter appropriate for resolution without oral argument of counsel. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, Plaintiff's Motion to Remand is **DENIED** though his Motion to Dismiss his ninth and tenth causes of action is **GRANTED**.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Background

Plaintiff is a Los Angeles, California resident who alleges that Defendant Rite Aid Corporation ("Rite Aid") wrongfully terminated him. (*See* Dkt. No. 1-1 (hereinafter, "Compl.") ¶ 1.) Rite Aid and Thrifty Payless Incorporated ("Thrifty") are businesses operating on Santa Monica Boulevard in Los Angeles, California. (*See* Compl. ¶¶ 2–3.) Defendants Joe Rocha, Jilbert Shahdaryan, and Nichole Hubera were Plaintiff's supervisors when he worked for Rite Aid.[1] (*See* Compl. ¶¶ 4–6.)

---

[1] The Court will refer to Rite Aid, Thrifty, and the individual Defendants collectively as "Defendants."

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | **CV 17-02124 BRO (SKx)** | Date | May 3, 2017 |
|---|---|---|---|
| Title | **VICTOR GARCIA V. RITE AID CORPORATION ET AL.** | | |

Rite Aid hired Plaintiff on August 12, 1985, and he began working at a store located on Sunset Boulevard in Los Angeles, California.[2] (Compl. ¶ 12.) Plaintiff worked as a stock clerk and a cashier for thirty-one years. (*See* Compl. ¶¶ 12–13.) Plaintiff claims that he "was a loyal and hard-working employee" who was well respected by his coworkers and received positive feedback and performance reviews. (*See* Compl. ¶ 13.)

Plaintiff is a fifty-one-year-old Latino male who suffers from disabilities, including depressive disorder, allergic rhinitis, hypertension, and chronic leg, elbow, back, and shoulder pain, of which Rite Aid was aware. (Compl. ¶ 14.) In October 2013, Plaintiff injured his back at work when he fell down a set of stairs while moving a table. (Compl. ¶ 15(a).) Around the same time, Plaintiff claims that another supervisor "frequently" called him "Grandpa" and supervisors made other age-related comments to him. (*See* Compl. ¶¶ 15(b), (f).) In October 2014, Defendant Shahdaryan, a Rite Aid district manager, and loss prevention manager Chris Wade questioned Plaintiff about improperly searching a customer's bag, though Plaintiff claimed he had not performed any search. (Compl. ¶ 15(c).) Defendant Shahdaryan ultimately cleared Plaintiff of this accusation. (*Id.*)

Plaintiff's former manager, Robert Leggins, brought a lawsuit against Rite Aid and against several Rite Aid employees. (*See* Compl. ¶ 16(a).) Plaintiff testified on behalf of Mr. Leggins when the case went to trial in July 2015. (Compl. ¶¶ 16(b), (c).) Plaintiff contends that once he returned to work, Defendant Rocha, his manager at the time, "aggressively approached him" and inquired about Plaintiff's testimony. (Compl. ¶ 15(d).) According to Plaintiff, Defendant Rocha retaliated against him for testifying on Mr. Leggins's behalf by giving him more difficult shifts and requiring him to work two shifts without a ten-hour break in between them, in violation of his union contract. (Compl. ¶¶ 16(f)–(h).) In addition, Plaintiff claims that Defendant Rocha would monitor Plaintiff while he was working and stopped speaking to him at work, though he treated no other employees this way. (Compl. ¶¶ 16(i), (j).)

In October 2015, Plaintiff injured himself while at work. (Compl. ¶ 16(k).) Plaintiff alleges that Defendant Rocha did not allow Plaintiff to see his own doctor and

---

[2] Plaintiff explains that Thrifty is also known as Rite Aid. (*See* Compl. ¶ 12.) For clarity, the Court will refer only to Rite Aid throughout this Order.

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-02124 BRO (SKx) | Date | May 3, 2017 |
|---|---|---|---|
| Title | VICTOR GARCIA V. RITE AID CORPORATION ET AL. | | |

made no injury report.  (*Id.*)  In December 2015, Plaintiff's supervisor asked him to follow and stop a suspected shoplifter.  (Compl. ¶ 16(n).)  After Plaintiff confronted the shoplifter, the shoplifter struck him in the face.  (*Id.*)  The police came and took a report and Plaintiff sought treatment for a contusion on his cheek.  (Compl. ¶ 16(o).)  Several weeks later, two loss prevention employees came to Plaintiff's store and interrogated him about the shoplifting incident.  (Compl. ¶ 16(s).)  Plaintiff stopped the interrogation and asked to have his union representative present.  (*Id.*)  Two days later, with union representatives present, the investigation continued.  (Compl. ¶ 16(t).)  In addition, throughout 2015 and 2016, Plaintiff alleges that Defendants Rocha and Shahdaryan asked him to perform work "off the clock".  (Compl. ¶ 16(w).)

On March 20, 2016, Defendant Rocha terminated Plaintiff.  (Compl. ¶ 19.)  According to Plaintiff, after his termination, Rite Aid's "lawyers sent [him] a letter insinuating that he was terminated for the shoplifting incident that occurred over three months prior to his termination."  (Compl. ¶ 20.)

### B.  Procedural Background

On February 14, 2017, Plaintiff filed the instant Action in the Superior Court of California, County of Los Angeles.  (*See* Compl.)  Plaintiff's Complaint includes fourteen causes of action: (1) discrimination in violation of California's Fair Employment and Housing Act ("FEHA"); (2) harassment in violation of FEHA; (3) retaliation in violation of FEHA; (4) failure to reasonably accommodate in violation of FEHA; (5) failure to engage in the interactive process in violation of FEHA; (6) failure to prevent discrimination, harassment, and retaliation in violation of FEHA; (7) retaliation in violation of California Labor Code section 1102.5; (8) wrongful termination in violation of public policy; (9) breach of express oral contract not to terminate without good cause; (10) breach of implied-in-fact contract not to terminate without good cause; (11) intentional infliction of emotional distress; (12) failure to provide meal breaks; (13) failure to provide rest breaks; and, (14) intentional infliction of emotional distress.[3]  (*See* Compl.)

On March 17, 2017, Defendants removed the action to this Court on the basis of federal question jurisdiction, because, according to Defendants, Plaintiff's claims require

---

[3] It appears that Plaintiff's eleventh and fourteenth causes of action are duplicative.

| | LINK: |
|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-02124 BRO (SKx) | Date | May 3, 2017 |
|---|---|---|---|
| Title | VICTOR GARCIA V. RITE AID CORPORATION ET AL. | | |

the interpretation of a collective bargaining agreement ("CBA") between Plaintiff's employer and a union. (*See* Dkt. No. 1 (hereinafter, "Removal") ¶ 9.) Plaintiff filed the instant Motion to Remand the action to the Superior Court on April 7, 2017. (*See* Mot.) Defendants filed their Opposition on April 17, 2017. (*See* Dkt. No. 11 (hereinafter, "Opp'n").) Plaintiff replied on April 24, 2017. (*See* Dkt. No. 13.)

## III. LEGAL STANDARD

Federal courts are of limited jurisdiction and possess only that jurisdiction which is authorized by either the Constitution or federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1331, federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action" or that the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 13 (1983). 28 U.S.C. § 1441(a) provides that a civil action may be removed to the district court only if the district court has original jurisdiction over the issues alleged in the state court complaint.

In determining whether removal in a given case is proper, a court should "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* The removing party, therefore, bears a heavy burden to rebut the presumption against removal. *See id.* "[T]he court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Gaus*, 980 F.2d at 566).

## IV. DISCUSSION

As stated above, the Court has jurisdiction over this action only if it arises under federal law.[4] 28 U.S.C. § 1331. Plaintiff claims that the Court lacks jurisdiction and requests that the Court remand the proceeding to state court. (*See* Mot.) Defendants contend that the Court has federal question jurisdiction over this action because several of

---

[4] Neither party argues that diversity jurisdiction pursuant to 28 U.S.C. § 1332 is applicable in this case.

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-02124 BRO (SKx) | Date | May 3, 2017 |
|---|---|---|---|
| Title | VICTOR GARCIA V. RITE AID CORPORATION ET AL. | | |

Plaintiff's claims are preempted by § 301 of the Labor Management Relations Act ("LMRA"). (*See* Opp'n.)

### A.  LMRA § 301 Preemption

Section 301 of the LMRA states:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).  The Supreme Court has explained that § 301 preempts any state law cause of action for breach of contract between an employer and a labor organization. *Franchise Tax Bd.*, 463 U.S. at 23.  "Any such suit is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of § 301."  *Id.*  In addition, even if the plaintiff did not allege a breach of contract in the complaint, a plaintiff's claim is preempted by the LMRA if the claim "is either grounded in the provisions of the labor contract or requires interpretation of it."  *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007) (citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 208–13 (1985)).  Thus, the Court has jurisdiction if Plaintiff's state law claims are preempted by the LMRA.

*Burnside* articulated a two-part test to determine whether § 301 of the LMRA preempts a plaintiff's claim.  *Id.*  Courts must first determine whether the cause of action is based on state law or a CBA.  *Id.*  If the cause of action is based on the CBA, the claim is preempted.  *Id.*  However, if the cause of action's source is state law, the court must ask whether the claim depends on an analysis of the CBA.[5]  *Id.*

---

[5] The Ninth Circuit recently addressed LMRA preemption in *Alaska Airlines Inc. v. Schurke*, 846 F.3d 1081 (9th Cir. 2017).  The court employed a three-step process where the third step asks "whether the state has shown an intent not to allow its prohibition to be altered or removed by private contract."  *Id.* at 1090 (citing *Miller v. AT&T Network Sys.*, 850 F.2d 543, 548 (9th Cir. 1988)).  The *Miller* court noted

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-02124 BRO (SKx) | Date | May 3, 2017 |
|---|---|---|---|
| Title | VICTOR GARCIA V. RITE AID CORPORATION ET AL. | | |

### B. Whether the LMRA Preempts Plaintiff's Claims

In determining whether § 301 preempts state law, courts must first consider "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA. If the right exists solely as a result of the CBA, then the claim is preempted." *Id.* To determine whether a right is independent of a CBA, a court considers "the *legal* character of a claim, as 'independent' of rights under the collective-bargaining agreement [and] not whether a grievance arising from 'precisely the same set of facts' could be pursued." *Id.* (quoting *Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994)). Section 301 preempts only claims that are "founded directly on rights created by collective-bargaining agreements." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (1987).

### 1. Plaintiff's Ninth and Tenth Causes of Action

First, Defendants contend that § 301 of the LMRA preempts Plaintiff's ninth and tenth causes of action for breach of express oral contract and breach of implied-in-fact contract. (*See* Opp'n at 7–11.) Plaintiff contends that these agreements were extrinsic to any CBA between the parties and, therefore, are not based on the CBA. (*See* Mot. at 18.) Courts within the Ninth Circuit have rejected Plaintiff's argument. *See Price v. Ga.-Pac. Corp.*, 99 F. Supp. 2d 1162, 1166 (N.D. Cal. 2000) ("[A]n employee in a position with access to a CBA-sanctioned grievance procedure cannot state an individual claim for breach of contract under state law. Such a claim is necessarily preempted by section 301.").

In fact, the Ninth Circuit addressed a nearly identical factual scenario in *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993 (9th Cir. 1987). There, the plaintiff alleged a breach of an oral employment contract. *Id.* at 997. The plaintiff "contend[ed] that her individual labor contract [was] independent of the CBA and that her contract claim [was] thus not a claim for breach of the CBA." *Id.* The court explained, however, that the

---

that courts typically only reach the first two parts. *Id.* Several recent Ninth Circuit rulings with respect to LMRA preemption have used the two-part test. *See, e.g., Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1033 (9th Cir. 2016); *Matson v. United Parcel Serv., Inc.*, 840 F.3d 1126, 1132 (9th Cir. 2016); *Estrada v. Kaiser Found. Hosps.*, __ F. App'x __, No. 15-15133, 2017 WL 431463, at *1 (9th Cir. Feb. 1, 2017). Accordingly, the Court will employ the two-part test.

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-02124 BRO (SKx) | Date | May 3, 2017 |
|---|---|---|---|
| Title | VICTOR GARCIA V. RITE AID CORPORATION ET AL. | | |

allegedly independent oral contract involved "a job position covered by the CBA."[6] "Because any 'independent agreement of employment concerning that job position could be effective only as part of the collective bargaining agreement,' the CBA control[led] and the contract claim [was] preempted." *Id.* (quoting *Olguin v. Inspiration Consol. Copper Co.*, 740 F.2d 1468, 1474 (9th Cir. 1984)). Further, the court held that "[f]ederal law not only preempt[ed] [the plaintiff's] contract claim, but also supplant[ed] it with a federal claim." *Id.* at 998. The plaintiff could have brought a grievance pursuant to the CBA to determine the effectiveness or scope of her individual contract, in which case a federal court would have had jurisdiction pursuant to § 301 of the LMRA.[7] *Id.* Thus, the court concluded that the plaintiff's contract claim could "be characterized as a section 301 claim and removed as completely preempted." *Id.*

Therefore, as *Young* demonstrates, any contract extrinsic to the CBA but which covers the same employment relationship as the CBA is preempted. *See Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 748 (9th Cir. 1993) ("Section 301 completely preempts any state causes of action based on alleged violations of contracts between employers and labor organizations."); *Busey v. P.W. Supermarkets, Inc.*, 368 F. Supp. 2d 1045, 1054 (N.D. Cal. 2005) ("Thus, the Ninth Circuit precedent is clear that where a relationship is otherwise governed by a collective bargaining agreement, state law theories of breach of contract and implied covenant of good faith and fair dealing are preempted, and subject to recharacterization as [a] Section 301 claim for breach of contract."); *see also Hill v. The Boeing Co.*, 765 F. Supp. 2d 1208, 1213 (C.D. Cal. 2011) (holding that § 301 preempted plaintiff's breach of contract claim that alleged the

---

[6] Though Plaintiff's Complaint does not explicitly identify a relevant CBA, it does mention a "union contract." (*See* Compl. ¶ 16(g).) Defendants provide a copy of the CBA, and Plaintiff does not dispute its applicability. (*See* Declaration of Barbara M. Kay (Dkt. No. 12-2), Ex. A (hereinafter, "CBA").) Therefore, looking beyond the face of the Complaint, it appears that the proffered CBA is applicable here. *See Young*, 830 F.2d at 997 ("[The plaintiff's] complaint does not reveal that her employment is governed by a collective bargaining agreement. The district court, however, properly looked beyond the face of the complaint to determine whether the contract claim was in fact a section 301 claim for breach of a collective bargaining agreement . . . .").

[7] Plaintiff's CBA also enumerates grievance procedures. (*See* CBA § 16.) Thus, like the plaintiff in *Young*, Plaintiff could have brought a grievance under the CBA to determine the efficacy or scope of his individual contract, which would have provided this Court with jurisdiction under the LMRA. *See Young*, 830 F.2d at 998.

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-02124 BRO (SKx) | Date | May 3, 2017 |
|---|---|---|---|
| Title | VICTOR GARCIA V. RITE AID CORPORATION ET AL. | | |

defendant terminated his employment without good cause); *Bachilla v. Pac. Bell Tel. Co.*, No. Civ. S-07-739 RRB KJM, 2007 WL 2825924, at *5–*6 (E.D. Cal. Sept. 25, 2007) (determining that implied contract claim was preempted by the LMRA). Accordingly, the Court finds that Plaintiff's ninth and tenth causes of action for alleged breach of an express oral contract and an implied-in-fact contract are preempted by the LMRA and provided a basis for removal of this action.

### 2. Plaintiff's Eighth Cause of Action

Plaintiff's eighth cause of action alleges that he was wrongfully terminated in violation of public policy. (*See* Compl. ¶¶ 75–80.) Plaintiff claims that his termination was based on Defendants' discriminatory animus, his conduct when he tried to stop the alleged shoplifter (which Plaintiff characterizes as exercising his right to self-defense), and his testifying on behalf of Mr. Leggins. (*See* Compl. ¶ 76.) A wrongful discharge claim is preempted "if it is bound up with interpretation of the collective bargaining agreement and furthers no state policy independent of the employment relationship." *Young*, 830 F.2d at 1002. It is not preempted, however, "if it poses no significant threat to the collective bargaining process and furthers a state interest in protecting the public transcending the employment relationship." *Id.* at 1001.

The Ninth Circuit has held that alleged discriminatory discharge functions independently of the CBA because "California has adopted a public policy against discrimination in the work place." *Jackson v. S. Cal. Gas Co.*, 881 F.2d 638, 644 (9th Cir. 1989). Therefore, wrongful termination claims based on allegedly discriminatory discharge are not preempted. *See id.* But California has established no such similar public policy for the right to self-defense. *See Johnson v. CVS Pharm., Inc.*, No. C 10-03232 WHA, 2011 WL 4802952, at *5 (N.D. Cal. Oct. 11, 2011) (explaining that California law does not recognize a public policy tort based on the right to self-defense); *see also Keshe v. CVS Pharm., Inc.*, No. 2:14-cv-08418-CAS(MANx), 2016 WL 1367702, at *6 (C.D. Cal. Apr. 5, 2016) ("The court . . . declines to extend the scope of the California public policy violations to include the right to self-defense in the workplace."). Nor does California recognize a public policy right for employees to access the court system or participate in court proceedings. *See Harber v. Am. Airlines*, No. C 03-4385 MJJ, 2004 WL 2324112, at *3–*4 (N.D. Cal. Oct. 12, 2004) (holding that the plaintiff failed to identify an established public policy to support her wrongful

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-02124 BRO (SKx) | Date | May 3, 2017 |
|---|---|---|---|
| Title | VICTOR GARCIA V. RITE AID CORPORATION ET AL. | | |

termination claim when she was fired for filing a police report based on work-related conduct (citing *Jersey v. John Muir Med. Ctr.*, 97 Cal. App. 4th 814, 822 (Cal. Ct. App. 2002))); *see also Jersey*, 97 Cal. App. 4th at 825 (holding that California recognizes no public policy-based right to access the courts).

In this case, the CBA provides that Rite Aid may terminate employees for "good and sufficient cause." (CBA § 2.2.3.7.) Therefore, because Plaintiff alleges that his termination was wrongful not just because it was discriminatory, but also because it was wrongfully based on his own conduct during the alleged shoplifting incident and by testifying at Mr. Leggins's trial—which are not rights California recognizes as furthering independent public policies—the trier of fact will be required to interpret the CBA's "good and sufficient cause" provision when determining whether Defendants wrongfully terminated Plaintiff. *See Hollinquest v. St. Francis Med. Ctr.*, 872 F. Supp. 723, 726 & n.5 (C.D. Cal. 1994) (holding that the court "must examine the CBA" when determining "whether Plaintiff was wrongfully terminated from her employment" where the CBA provided that an employee could be terminated for just cause); *see also Young*, 830 F.2d at 1002 ("Because no state public policy transcending the employment relationship protects [the plaintiff's] actions, her wrongful termination claim is preempted."). Thus, to the extent Plaintiff's wrongful termination claim is based on Defendants' discriminatory motive, it is not preempted. To the extent it is based on his right to self-defense and his decision to testify at Mr. Leggins's trial, however, it is.

### 3. Plaintiff's Eleventh and Fourteenth Causes of Action

In addition, Defendants argue that § 301 of the LMRA also preempts Plaintiff's eleventh and fourteenth causes of action for intentional infliction of emotional distress. (*See* Opp'n at 16–20.) The Ninth Circuit has noted that determining whether the LMRA preempts intentional infliction of emotional distress claims is "complicated . . . because most state torts allowing recovery for intentional infliction of emotional distress require the plaintiff to show that the defendant's conduct was outrageous, extremely unreasonable, or in some way inappropriate." *Miller*, 850 F.2d at 550. "Because the tort requires inquiry into the appropriateness of the defendant's behavior, the terms of the CBA can become relevant in evaluating whether defendant's behavior was reasonable"; certain conduct may be reasonable under the terms of a CBA that would not be otherwise. *See id.* However, the Ninth Circuit has also counseled that "[t]hese complications do not

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-02124 BRO (SKx) | Date | May 3, 2017 |
|---|---|---|---|
| Title | VICTOR GARCIA V. RITE AID CORPORATION ET AL. | | |

lead to preemption of all intentional infliction of emotional distress claims." *Id.* at 550 n.5. "Such claims may not be preempted if the particular offending behavior has been explicitly prohibited by statute or judicial decree . . . ." *Id.* For example, if a plaintiff alleges that he suffered emotional distress due to his employer's criminal activity, his intentional infliction of emotional distress claim may not be preempted because the outrageousness of this conduct is clear, regardless of the CBA's terms. *Id.*

Put another way, a plaintiff's "emotional distress claims are preempted if they can be resolved only by referring to the terms of the CBA." *Perugini v. Safeway Stores, Inc.*, 935 F.2d 1083, 1087 (9th Cir. 1991). In *Perugini*, the Ninth Circuit examined whether § 301 preempted a plaintiff's emotional distress claim brought under California law. *See id.* at 1087–89. Under California law, the elements to establish an intentional infliction of emotional distress claim are (1) extreme and outrageous conduct by the defendant, (2) the plaintiff's suffering emotional distress, and, (3) actual and proximate causation. *Id.* at 1087 (citing *Cervantez v. J.C. Penney Co.*, 24 Cal. 3d 579, 593 (Cal. 1979)). The court explained that because whether the employer's refusal to, for example, provide the plaintiff with light duty work constituted "extreme and outrageous conduct" required the trier of fact to determine whether this decision was unreasonable under the CBA's terms, an emotional distress claim arising from this alleged conduct was preempted. *See id.* at 1088. On the other hand, to the extent the plaintiff's emotional distress claim arose from discrimination and harassment, the court determined that the plaintiff's claim was not preempted because the "[t]he CBA [did] not govern the offending behavior." *Id.* Rather, "[t]he resolution of these claims depends on a purely factual inquiry into the conduct and motivation of the employer." *Id.*

Here, in his Reply, Plaintiff contends that his intentional infliction of emotional distress claims arise only from his FEHA discrimination, retaliation, and harassment claims. (*See* Reply at 4–5.) However, Plaintiff's Complaint indicates that his emotional distress claims arise from Defendants' "discriminatory, harassing, and retaliatory actions; violations of the labor code; and wrongful termination."[8] (Compl. ¶ 105.) Therefore,

---

[8] Defendants argue that the CBA includes provisions governing scheduling and overtime, and therefore Plaintiff's claims that he suffered emotional distress because Rite Aid violated the CBA by scheduling him improperly and failing to pay him overtime, (*see* Compl. ¶ 16(g)), require interpretation of the CBA, (*see* Opp'n at 19). But Plaintiff does not appear to base his emotional distress claims on these allegations; rather, as explained above, Plaintiff bases his emotional distress claims on his FEHA claims,

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-02124 BRO (SKx) | Date | May 3, 2017 |
|---|---|---|---|
| Title | VICTOR GARCIA V. RITE AID CORPORATION ET AL. | | |

while courts within the Ninth Circuit have held that emotional distress claims arising from discrimination, harassment, and retaliation are not preempted because such conduct is not controlled by the terms of the CBA,[9] *see, e.g.*, *Martinez v. Kaiser Found. Hosps.*, No. C-12-1824 EMC, 2012 WL 2598165, at *6 (N.D. Cal. July 5, 2012) (holding that emotional distress claims arising from discrimination claims were not preempted because "the focus is on discriminatory treatment, rather than the substantive provisions of the CBA"), because Plaintiff also bases his emotional distress claim on Labor Code violations and on his wrongful termination, the inquiry does not end there.

Instead, the Court must determine whether the reasonableness or outrageousness of Defendants' alleged Labor Code violations and their decision to terminate Plaintiff require an interpretation of the CBA. *See Busey*, 368 F. Supp. 2d at 1052 ("Ninth Circuit case law provides that the LMRA preempts an intentional infliction of emotional distress claim when the CBA governs the offending behavior."). In this case, the Court finds that Plaintiff's emotional distress claim arising from his allegedly wrongful termination partially requires CBA interpretation, while the alleged Labor Code violations do not.

As explained above, to the extent Plaintiff alleges that his wrongful termination was based on discriminatory or retaliatory animus it is not preempted. Therefore, whether Defendants acted outrageously (and therefore caused Plaintiff emotional distress) by wrongfully terminating him due to this animus does not require CBA interpretation and this portion of Plaintiff's emotional distress claim arising from his alleged wrongful termination is not preempted. *See Lee v. Eden Med. Ctr.*, 690 F. Supp. 2d 1011, 1021 (N.D. Cal. 2010) ("When the CBA governs the behavior, and the underlying claims are preempted, the [intentional infliction of emotional distress] claims relying upon them are also preempted. In contrast, when the underlying claims are not

---

violations of the Labor Code, and his wrongful termination. (*See* Compl. ¶ 105.) His Labor Code allegations do not mention unpaid overtime or improper scheduling. Therefore, Plaintiff's emotional distress claims do not require the interpretation of the CBA's scheduling or overtime provisions.

[9] Likewise, the Court finds that Plaintiff's first through sixth causes of action alleging discrimination, retaliation, and harassment arising under FEHA are not preempted, as whether Defendants violated FEHA is not governed by the terms of the CBA. *See Brown v. Botman Med. Ctr., Inc.*, 571 F. App'x 572, 574–75 (9th Cir. 2014) ("We have consistently held that the LMRA does not preempt FEHA claims."); *Ramirez*, 998 F.2d at 750 ("In every case in which we have considered an action brought under the [FEHA], we have held that it is not preempted by section 301.").

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-02124 BRO (SKx) | Date | May 3, 2017 |
|---|---|---|---|
| Title | VICTOR GARCIA V. RITE AID CORPORATION ET AL. | | |

preempted, neither are the claims for [intentional infliction of emotional distress].' (citation omitted)).

However, when determining whether Plaintiff suffered emotional distress based on the preempted portions of Plaintiff's wrongful termination claim—i.e., whether Defendants acted outrageously by terminating him because he exercised his right to self-defense and his right to testify at Mr. Leggins's trial—the trier of fact will be required to interpret the CBA's "good and sufficient cause" provision to determine whether the CBA permitted Plaintiff's termination. If so, Defendants did not participate in extreme or outrageous conduct; but if not, then Defendants may be liable for Plaintiff's emotional distress. Accordingly, to the extent Plaintiff's emotional distress claim arises from his underlying preempted alleged wrongful termination claim, it is preempted. *See Cook v. Lindsay Olive Growers*, 911 F.2d 233, 239 (9th Cir. 1990) ("[T]he basis of Cook's emotional distress claim is wrongful discharge . . . For this court to determine whether LOG acted outrageously in firing him would require us to evaluate, as the grievance committee did, whether LOG complied with the terms of the CBA regulating seniority and work transfers."); *Newberry v. Pac. Racing Ass'n*, 854 F.2d 1142, 1149 (9th Cir. 1988) ("From these allegations, it is clear that Newberry's emotional distress claim arises out of her discharge and the defendants' conduct in the investigation leading up to it. A determination of the validity of her emotional distress claims will require us to decide whether her discharge was justified under the terms of the [CBA]. . . . It is therefore preempted . . . ."). Thus, Plaintiff's emotional distress claim arising from his alleged wrongful termination is partially preempted.

As to Plaintiff's allegations that Defendants' failure to comply with the Labor Code caused him emotional distress, this claim is not preempted. These alleged Labor Code violations appear to be Defendants' unlawful retaliation and termination of Plaintiff for whistleblowing and Defendants' failure to provide required meal and rest breaks. (*See* Compl. ¶¶ 69–80, 96–103.)

Plaintiff's seventh cause of action arises under California Labor Code section 1102.5. (Compl. ¶ 69–74.) Labor Code section 1102.5 provides a cause of action for unlawful retaliation based on an employee's reporting of unlawful conduct. *See Brown*, 571 F. App'x at 575 ("Under § 1102.5(b) of the California Labor Code, an employer may not retaliate against an employee for disclosing a violation of a state or federal statute,

regulation, or rule."). As the Ninth Circuit has explained, "[t]he elements of this claim require an inquiry into the respective actions of the employer and the employee in order to determine whether [the defendant] retaliated against [the plaintiff] after he engaged in whistleblowing activity." *Id.* "This inquiry will not depend on interpretation of terms in the CBA." *Id.* Thus, whether Defendants acted unreasonably or outrageously in allegedly retaliating against Plaintiff does not require interpretation of the CBA.[10] Accordingly, this claim is not preempted.

In addition, "[m]eal periods are a non-negotiable right under state law." *Vasserman v. Henry May Newhall Mem'l Hosp.*, 65 F. Supp. 3d 932, 960 (C.D. Cal. 2014). Thus, the LMRA cannot preempt claims for meal period violations under the California Labor Code. *See Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1082 (9th Cir. 2005) (finding no preemption of missed meal period claims because "[t]he right to meal periods applies to signatories of collective bargaining agreements and constitutes a nonnegotiable right under California state law"). Therefore, whether Defendants acted outrageously in failing to provide meal periods is also an inquiry independent of the CBA.

Likewise, Plaintiff's missed rest period claims "are based on rights conferred by [the] California Labor Code" and "they exist as a matter of state law." *Meyer v. Irwin Indus., Inc.*, 723 F. Supp. 2d 1237, 1245 (C.D. Cal. 2010). Therefore, "they are not substantially dependent upon an interpretation of the CBA." *Id.* Though the CBA includes several provisions regarding rest periods, these provisions are of no moment. (*See* CBA § 6.6.5.) "[I]t is irrelevant that the CBA provides similar claims under its own terms where the state law claims can be resolved without any interpretation of the CBA." *Id.* (citing *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 409–10 (1988)). Accordingly, whether Defendants acted outrageously in failing to provide rest periods does not require interpretation of the CBA. Therefore, Plaintiff's emotional distress claims arising from these alleged Labor Code violations are not preempted.[11]

---

[10] Moreover, for the same reasons, the underlying section 1102.5 claims are not preempted. *See Brown*, 571 F. App'x at 575 (finding section 1102.5 claim was not preempted).

[11] For the same reasons Plaintiff's emotional distress claims arising from this alleged conduct are not preempted, neither are the underlying claims. Meal and rest breaks are rights provided by the California Labor Code; the terms of the CBA have no bearing on whether Defendants have failed to comply with

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-02124 BRO (SKx) | Date | May 3, 2017 |
|---|---|---|---|
| Title | VICTOR GARCIA V. RITE AID CORPORATION ET AL. | | |

In sum, Plaintiff's first through seventh causes of action, based on violations of the FEHA and California Labor Code are not preempted. Plaintiff's eighth cause of action is not preempted to the extent it arises from Defendants' allegedly discriminatory or retaliatory animus. It is preempted, however, to the extent Plaintiff contends he was wrongfully terminated for exercising his right to self-defense and his right to testify. Plaintiff's ninth and tenth causes of action for breach of contract are preempted. Plaintiff's eleventh and fourteenth causes of action for emotional distress are not preempted to the extent they arise from Defendants' alleged discrimination, retaliation, harassment, and Labor Code violations, but are preempted to the extent they arise from Plaintiff's wrongful discharge. Plaintiff's twelfth and thirteenth causes of action for missed meal and rest breaks are not preempted. Because this Court has jurisdiction over Plaintiff's preempted claims, *see Vasserman*, 65 F. Supp. 3d at 951, removal was proper.

### C. Whether Dismissal of Plaintiff's Ninth and Tenth Claims Bears on this Court's Jurisdiction

#### 1. Whether to Dismiss Plaintiff's Ninth and Tenth Causes of Action

Plaintiff requests that, if the Court finds that the LMRA preempts his ninth and tenth breach of contract causes of action, the Court dismiss these claims.[12] (*See* Mot. at 18–19.) Defendants argue that Plaintiff's request is procedurally defective because in order to amend his pleadings, Federal Rule of Civil Procedure 15 and Local Rule 15-1 require that he file a separate motion and a copy of his proposed amended complaint. (Opp'n at 12 (citing Fed. R. Civ. P. 15; C.D. Cal. L.R. 15-1).) Federal Rule of Civil Procedure 41(a)(2), however, provides that the court may dismiss claims "at the plaintiff's request . . . on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

---

the Labor Code's requirements. *See Valles*, 410 F.3d at 1082 (finding the LMRA does not preempt missed meal period claims); *Meyer*, 723 F. Supp. 2d at 1245 (finding the LMRA does not preempt missed rest break claims).

[12] It appears that Plaintiff brings this request under the assumption that these claims are the only preempted claims and that by dismissing them, the Court will lose jurisdiction over the matter. (*See* Mot. at 1–3, 18–19.) Plaintiff did not anticipate the Court's conclusion here—that the LMRA partially preempts his wrongful termination and emotional distress claims as well. Thus, to the extent Plaintiff wishes to reassert his ninth and tenth causes of action under this Court's jurisdiction, he may do so by seeking to amend his Complaint.

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | **CV 17-02124 BRO (SKx)** | Date | May 3, 2017 |
|---|---|---|---|
| Title | **VICTOR GARCIA V. RITE AID CORPORATION ET AL.** | | |

Rule 41 does not require the plaintiff to file a separate motion or attach an amended complaint. Therefore, the Court finds that Plaintiff's request is not procedurally defective.

"A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (footnote omitted). The Ninth Circuit has "held that 'legal prejudice' means 'prejudice to some legal interest, some legal claim, some legal argument.'" *Id.* (quoting *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996)). "[P]lain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Id.*

Here, dismissal of Plaintiff's ninth and tenth causes of action has no impact on the proceedings because, as addressed below, the Court retains jurisdiction over the matter. Therefore, Defendants have identified no prejudice they will suffer if Plaintiff's ninth and tenth causes of action are dismissed. Accordingly, the Court **GRANTS** Plaintiff's request to dismiss his ninth and tenth causes of action. As Rule 41(a)(2) indicates, a plaintiff's voluntary dismissal is without prejudice. *See id.* ("Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.").

### 2. Whether the Court Retains Subject Matter Jurisdiction

Neither Plaintiff nor Defendants provided argument as to whether the Court retains subject matter jurisdiction over the entire proceeding if it dismisses Plaintiff's ninth and tenth causes of action, but finds—as it does here—that Plaintiff's emotional distress and wrongful discharge claims are partially preempted. As explained above, the Court has jurisdiction over Plaintiff's preempted claims. *See Vasserman*, 65 F. Supp. 3d at 951 ("Section 301(a) of the LMRA gives federal courts exclusive jurisdiction to hear 'suits for violation of contracts between an employer and a labor organization.'" (alteration omitted) (quoting 29 U.S.C. § 185(a)). Whether the Court has jurisdiction over Plaintiff's other, non-preempted claims turns on whether the Court may properly exercise supplemental jurisdiction over them. *See Brown*, 571 F. App'x at 576 ("We have held that a district court may exercise supplemental jurisdiction over claims that are brought in conjunction with claims that are preempted by the LMRA.").

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | **CV 17-02124 BRO (SKx)** | Date | May 3, 2017 |
|---|---|---|---|
| Title | **VICTOR GARCIA V. RITE AID CORPORATION ET AL.** | | |

Pursuant to 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). "A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together." *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004).

Here, the Court finds that Plaintiff's non-preempted claims arise from the same nucleus of operative fact as his partially preempted wrongful termination and emotional distress claims. Specifically, all of Plaintiff's claims, both preempted and non-preempted, arise from Plaintiff and Defendants' employment relationship, including Defendants' treatment of Plaintiff, motive for his termination, and the cause of his emotional distress. *See Jackson*, 881 F.2d at 642 ("The remainder of Jackson's state law claims share with this federal claim [based on LMRA preemption] 'a common nucleus of operative fact' because the claims arise from the alleged discriminatory conduct that Jackson alleges caused him constructively to be discharged."). In other words, his "claims arise from the same conduct on the part of" Defendants; to decide all of Plaintiff's claims, the trier of fact will examine one factual scenario. Therefore, the Court finds that it is appropriate to exercise supplemental jurisdiction over Plaintiff's non-preempted claims here. *Saxe v. Cast & Crew Payroll, LLC*, No. CV 15-01872 SJO (VBKx), 2015 WL 4648041, at *9 (C.D. Cal. Aug. 4, 2015) (exercising supplemental jurisdiction over non-LMRA preempted FEHA claims); *see also Hernandez v. Pac. Mar. Ass'n*, 379 F. App'x 668, 671 (9th Cir. 2010) (affirming trial court's exercise of supplemental jurisdiction over non-LMRA preempted claims).

### D. Plaintiff's Request for Attorneys' Fees

Plaintiff requests that the Court award him attorneys' fees incurred by filing the instant Motion because Defendants had no reasonable basis for removal. (*See* Mot. at 20–21.) As determined above, however, removal was appropriate. Accordingly, Plaintiff's request is **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-02124 BRO (SKx) | Date | May 3, 2017 |
|---|---|---|---|
| Title | VICTOR GARCIA V. RITE AID CORPORATION ET AL. | | |

## V.   CONCLUSION

For the foregoing reasons, the Court finds that Defendants properly removed this action to this Court.  Based on Plaintiff's request under Rule 41(a)(2), the Court **GRANTS** Plaintiff's request to dismiss his ninth and tenth causes of action.  These claims are **DISMISSED without prejudice**.  Because the Court finds that it retains jurisdiction over Plaintiff's remaining preempted claims and has supplemental jurisdiction over Plaintiff's remaining non-preempted claims, the Court **DENIES** Plaintiff's Motion to Remand.  Because removal was proper, the Court also **DENIES** Plaintiff's request for attorneys' fees.  The hearing currently scheduled for Monday, May 8, 2017, is hereby **VACATED**.

**IT IS SO ORDERED.**                                                                                          :

|  | Initials of Preparer | rf |
|---|---|---|